Final case number 25-1249, Coastal Capital, LLC v. Savage et al. At this time would counsel for the appellants please come to the podium and introduce himself on the record to begin. May it please the court, I am attorney Steven Martin. I represent the appellants Steven and Virginia Savage. I respectfully request to reserve two minutes for rebuttal. The issue in this case is what does it mean to have satisfactorily accounted for an asset and the crux of that issue here is whether the unaccounted for money in this case can meet the debtor's liabilities and if it could not whether the amount counted for or whether the amount accounted for constitutes a satisfactory explanation as a matter of law because it is not a substantial amount. This is in line with the burden that's placed on the plaintiff to show that the debtor. You said it's not a substantial amount, it's about 57,000. I'm sorry your honor, I didn't hear that. You said it's not a substantial amount that's unaccounted for. I believe it's like 57,000. Approximately, yes. And you're saying that's not a substantial amount? So I think under this statute because the statute requires that the unaccounted for asset meet the debtor's liabilities. This $57,000 number that the Bankruptcy Court came up with is far removed from being able to meet the debtor's liabilities in this case. The debtor's total liabilities were about $2 million. Coastal's liability alone was about a million dollars and this $57,000 number, once you account for trustee fees, administrative fees, trustee legal fees, there would probably be nothing left at that point to pay creditors with which is the entire purpose of Chapter 7, is to liquidate the asset and then pay the debts with it. But then savages would get a windfall by not having to, by keeping the money. I don't think so because as this court likely saw, the Bankruptcy Court found in the savages' favors on all other counts against them that required some sort of mental state or some sort of intent with respect to the missing money. Section 727A5, if you look at it in terms of the intent of Section 727 as a whole, which is meant to prevent debtors from playing fast and loose with their creditors, couldn't have been meant to be a strict liability statute. In other words, 727A5, again if you look at it in the not being upfront and honest with the court, but may not necessarily be able to prove that they acted in bad faith or acted fraudulently. It wasn't meant to be a catch-all to just say, well if you can't show what happened to this money, regardless of intent, regardless of your motive, that you can't get your discharge. And that's I think in line with the purpose of 727, which is again to avoid debtors playing fast and loose with their creditors. And if we look at facts of this case, the debtors spent two days of trial going through thousands of pages of records to trace where the majority of this money went. They only were unable to account for, depending upon whose calculation you go with, they were only unable to account for 3% to 8% of the total asset. It's not a far leap to then conclude that the remainder of that money, the 3% to 8% of that money, was used in the same way that they had explained during trial and in the same way that they explained in their statement of financial affairs. It's also, the message that it sends here is that... Are there any cases where a bankruptcy court held a certain amount of missing money, like here, was insubstantial, and where the money missing wasn't missing because of fraud or some other thing? So I think the opposite, right? So I think the Fustolo case is an outlier based on the cases that the debtors were able to find that dealt with Section 727A5. You know, the Fustolo case says, you know, 7% of an unaccounted-for asset was not insubstantial. And I think the line of cases that we found, the Wiggum case for example, in that case 62% of settlement proceeds were missing. The discharge was denied in that case under under A5. In the Chalik case, 100% of the money loaned was unaccounted for, and the discharge was denied in that case. In the Bartell case, 100% of certain deposits and 89% of other funds were unaccounted for, and again, discharge denied. In the Aoki case, 100% of an investment account was missing, and again, the discharge was denied. Now in all of those cases... Let me also ask you, what standard of your review, are you asking us, applies here for us to review that? It's abuse of discretion, correct? Well, I think with respect to what does a statute mean, as far as... That would be the NOVA, what does a statute mean. Understood, yeah. And I think that you could look at this in two ways. The first is, if this Court agrees with me that the statute should be interpreted to require that the unaccounted-for money be substantial, that as a matter of law, this $57,000, roughly $57,000, is not substantial as a matter of law, because it could not meet the debtor's liabilities. But there's no statutory definition of what substantial is or not. Understood. It could be 15%, you know, under over 15% or 20 or 3%, but we don't have anything in the statute. You agree with that, right? I do agree with that. And case law, is there any case law saying that anything under 3% or 5% would not be substantial? No, and unfortunately, this is... Doesn't that make it an abuse of discretion call? I don't think so, but even under the abuse of discretion standard, I think it was erroneous for the Bankruptcy Court to conclude that approximately $57,000 was enough to meet the debtor's liabilities here. Now, there's no question... What test do you want us to use for substantial? If there's no measurement in the statute, what is your test? I mean, you seem to be arguing that the amount that was owned and can't be accounted for has to be enough to pay off the debt, but you're not arguing that either. You're saying it has to be something between that and whatever substantial is, but I don't know what that is. And I don't know either, but here's how I think the court handles it, right? The plaintiff's burden is to show that the debtors had a substantial asset, which they no longer can account for, or which they can no longer have. And I think that if the court applies that standard to what I'm saying, that would work. And I think, let me put it this way, I don't think there's any question that if the debtors could not account for the full $705,000, approximately what it was, there's no question in that case that that's a substantial amount of money that they can't account for, because in this case, it could pay close to one-half of their total liabilities and almost all of Coastal's liability. And so I think the court needs to look at it from the perspective of, does it approach paying the majority of the debtors' liabilities in order to conform to the statute? So 51%? 51% of the debt. That should be the test. The missing asset accounts for 51% of the debt. That's what preponderance usually means, or something over 50. Understood. And I frankly think that would be a good line to draw. And that seems to be, as far as with respect to these other cases that I've cited, with respect to assets that are missing, that seems to be where these courts have drawn the line. Is 50% or more of this asset missing? And I think you could use that same test with respect to, can you apply that to the liabilities and what percentage? Wouldn't your argument, though, you make this argument about also to meet the debtors' liabilities. And I read that to mean 51% wouldn't work either, because it wouldn't meet the debtors' liabilities. Right. But I think the issue is getting as close as possible to fully meet the debtors' liabilities. And I think in this case, in this particular case, whether you're looking at it as far as applying de novo review or abuse of discretion or clearly erroneous, I think $57,000 doesn't even come anywhere close to being able to meet the debtors' liabilities. I mean, not even a higher percentage of it. And I think that's the issue here. Yeah. I don't think your reading of meet the debtors' liabilities works because of this problem of that nothing will, like, $999,000 wouldn't meet the debtors' full liabilities here, right? $1 million would. It would. Correct. And if they weren't, if they were, well, it wouldn't be able to meet their full liabilities. It would be able to meet close to half of it. You know, and I think that, I think if we put de novo review aside for a minute and just talk about abuse of discretion, I think we do have to look at it in the context of what use is this money going to have? Is it going to fulfill the purpose of a Chapter 7? If we're talking about $57,000 that at the end of the day after it's administered, it's going to be almost zero. Let me pose this hypothetical. Here we're talking about approximately $700,000 and the other amount is $57,000, which you say is about 7, 8%. But what if the amount were to increase and instead of $700,000, you have $7 million and then that other amount is $570,000? The same principle would apply? I would say yes. I would say in the context of that, if, you know, in that case, the $500,000 is a substantial amount of money, then yes, the same principle would apply. What if it's $7 billion and then it's $5,700,000 or something like that? Then where do you draw the line? Because then it seems that you're treating people with, you know, cases where much, much more money differently from smaller amounts is this, relatively smaller amounts. Sure. And I think the context is important. I think with respect to statutory interpretation, it is what does meet the debtor's liabilities mean? And then it has to be a substantial amount of money. And then it turns to what is a substantial amount of money in this context, which again, I guess, goes to the, you know, clearly erroneous abuse of discretion standard. And in the hypothetical that you're posing, if the liabilities are, you know, if the missing money is enough to pay the outstanding liabilities, then sure, that's substantial. If it's nowhere close, if it's only 1% of the total liabilities, then I don't think it's substantial in that case. Thank you, Judge. Go ahead. Counsel. Counsel.  Counsel has another question. Oh, sorry. Apologize. Just one very quick one. Yes. Did you propound discovery or issue subpoenas? So I was not involved in the trial. My understanding is, was that there was limited discovery done in this case. I will say that... Is that because somebody opted to do limited discovery as opposed to the court limited discovery? The court did not limit discovery. There was a point in which trial counsel became aware that Coastal was holding certain documents that were owned by Skyscan. When trial counsel became aware of that, trial counsel attempted to get access to those documents so that the debtors could continue to calculate where the remaining amount of money went. Coastal refused to provide access to those documents at that time, claiming that because discovery was over, the debtors could no longer seek access to that, to those documents. And that's where our argument as far as spoliation goes, and that there should be an inference drawn in the debtors' favor that had they had access to those documents, had they been able to gain access to those because they were similar documents to what they were using to calculate where the remainder of the money went, that they would be able to finish that calculation and account for every single penny. Thank you.  Thank you, counsel. At this time, would counsel for the appellee please introduce himself on the record to begin? Good afternoon, Your Honors. May it please the Court, I'm Tom Pappas and I represent the appellee. And the appellee requests that the court affirm the bankruptcy court's decision. Now, I think the judge's hypothetical really hits it right on the nail on the head. My hypothetical? Excuse me? My hypothetical? Absolutely. And the reason I say that is this. The amount is not relevant to the bankruptcy court's consideration. The statute says any. The statute doesn't say substantial. You can't substitute the word substantial for any. Is it your position that there's no materiality requirement at all in the statute? No, that even one missing dollar would be a problem? The statute does not contain a materiality. It doesn't contain substantial. It doesn't use the word substantial. I understand that, but And no case that I've reviewed even considered being enough. I'm going to take that as a yes, then. If one dollar is missing, it would run afoul of this statute. The statute does give the bankruptcy court some discretion because there are cases that say it gives the bankruptcy court broad discretion. There is a Fifth Circuit case that says the statute essentially is a strict liability statute. But all the cases say, including cases from this circuit, say it does give the bankruptcy court discretion. But no case that I've seen considers the amount. The inquiry for the bankruptcy court is can you explain the missing funds? And that's what the statute says. The statute focuses on explanation. And the statute says any missing funds, the court can deny a discharge. The missing fund amount would not be inconsistent with the other rulings. The bankruptcy court dismissed everything else, but just said there's these missing funds. That would not be inconsistent. I don't quite follow your question, Your Honor. The bankruptcy court, as opposing counsel noted, dismissed all other claims, correct? Correct. But then it said, well, still, this money is unaccounted for, so I'm owing payment. So basically, you know, it's ruling in favor of the plaintiffs as to, if I recall, the debtors in everything except where there's that missing money, and it's like debtors, I'm not going to discharge you because that money is missing. Correct. So your position would be, as long as any money is missing under the statute, you have to pay. It could have been $5, but you can't discharge until that is, you know, correct? The statute says any. And it doesn't give an amount, but the court has discretion. We have to write a decision here. Your argument is that's how we should write our decision. Strict liability, $1 missing, that's what the statute means. I'm not suggesting, well, you can follow the Fifth Circuit that said strict liability. So you're saying that the judge would have discretion? The court has said that judges have discretion. So in a case, let's assume, in this case, the judge could have had discretion and said, yes, that's just a small percentage, I'm going to discharge. The judge, in another case, could find there's $20,000, I'm not going to discharge, or I'm going to discharge. So it's really discretion, and we have to, what I was asking opposing counsel, we're here for abuse of discretion. You're here for abuse of discretion. I believe the standard is clearly wrong. Abuse of discretion has to have a measurement, because we have to make a determination when a court abuses its discretion. So we've got to have to have some kind of measuring stick to figure out, yeah, is that good or no, that went too far. So what is it? The only thing you've said thus far is the statute says any, which like Judge Michael Pavlos says, is that what you're arguing? And if not, when does the court abuse its discretion? The statute says any. So if you're looking for a measure, that's what the statute says. You can't read out of the statute that word. And you can't read into the statute substantial or some measurement, because the statute doesn't contain anything. Let's assume we disagree with you. Let's assume we disagree with you. How do we figure this out? You know, $50,000 is pretty insignificant in the grand scheme of things. I think it's less than 5% of the total debt to Coastal. So maybe we read the statute to say less than 5%? Well, I think if you did that, you would be imparting something that's not in the statute. Well, the rest of the phrase is any loss of asset or deficiency of assets to meet the debtor's liabilities. So it does have that tail on to it. Does that inform us of how we should figure out what any means? I don't believe so. I don't think you can infer or use the word to meet or the word meet to say somehow any doesn't mean any. I think what you have to rely on is the bankruptcy court itself. So the bankruptcy court has to look at whether the explanation is satisfactory. And so I would think that a bankruptcy court would look and say, if you can satisfactorily account for that, you know, so many assets, but you can't account for $1 or you can't account for $2, that's, I think, within the court's discretion. But I think you have to give the court that discretion. I don't think you can simply say it's a bright line, 3%, 5%, 51%. It's simply not in the statute and no case has ever followed that. Every case that has looked at this that I've seen You could have two individuals, 57,000 here, 57,000, and in one case the court says that's, you know, I'm not going to discharge you because it's not accounted for properly. Or you could say, yeah, here they try to do everything possible, it just doesn't add up, but I'm going to discharge. The court would have discretion to do that? Well, the court does have equitable powers in bankruptcy. And the court has to weigh credibility as well. And so the court could weigh credibility I hear the credibility was in the debtor's favor. Am I correct? No, actually not. In this case, the court said Because everything's getting dismissed. Well, under different claims and different standards. But under this claim, the court did not find credible the debtor's lack of explanation for these funds. And the court was very careful in its recitation of the facts it relied on not to find their explanation credible. And that's the focus of the statute. The statute says explanation. And they're supposed to explain these funds. And all the cases say explanation without some corroboration is not sufficient. And in some instances they didn't explain it because they were a little inconsistent. And in no instance for these funds did they have any corroboration where they had corroboration for all of the other funds. And the court found that significant. So I would say that the court looks at the explanation and determines whether or not the explanation is satisfactory to the judge. Judge weighs credibility. It weighs factors. It weighs corroboration for that explanation. And if the court finds it's satisfactorily explained, then the court can grant a discharge. But if the court finds it's not satisfactorily explained, the court does not grant discharge. And that's what the statute says. And that's what happened here. Here the court was very careful in reviewing the facts, had very detailed opinion in terms of how it came up with its calculation and what it found not to be credible, which not to be fully explained, which in some instances is not a credible explanation, and said because you could not explain this amount of money, I'm going to deny your discharge. And that's consistent with cases from this circuit and all the other cases that I read and cited in the material. And it's really that simple. It's no more complicated than that. And you can't read into the statute this substantial test. It's simply not in the statute. The statute nowhere has that language in it. And the statute clearly says any. Arguing if you can't explain $1, then the court is supposed to deny the discharge. That's their argument. Factorly explained $1. Well, I'd have to argue that if you read the statute literally and don't give the bankruptcy court any discretion, that would be the result. I think once you agree the bankruptcy court has discretion, materiality, substantiality has to be read into it, right? That's what discretion means. No, I think discretion goes to whether or not the explanation is satisfactory. I think that's because that's what the statute focuses on. Statute is a folk. It uses the word explanation. Satisfaction. That's the bankruptcy court's focus. That's where it uses its discretion. Is this explanation satisfactory to me? Can they credibly explain? I'm sorry. If they can't satisfactorily explain why $1 is missing, you're saying that the court should deny the discharge. If the focus is going to be on a satisfactory explanation, that's what you're saying. If the bankruptcy court finds that they can't satisfy, explain $1 and the bankruptcy court denies a discharge, yes. But this is the bankruptcy court is weighing their explanation. So they're looking at these debtors, their testimony, and obviously any other evidence. And the bankruptcy court has to make a determination based on the facts. And if the bankruptcy court is not satisfied the explanation, the statute says they don't get a discharge. And so that's what the statute provides. It provides for the bankruptcy court in its discretion to weigh the evidence and determine whether or not that explanation is satisfactory. And if the bankruptcy court finds it's not satisfactory, even if it's $1, that's what the statute says. Okay. Thank you. Thank you, Your Honor. Thank you. Two minutes for rebuttal. Please introduce yourself on the record to begin. Thank you. Attorney Steven Martin for the appellants, Steven and Virginia Savage. I just want to briefly address the substantial test issue that comes from the E. Lee B. Brian case, which cited the in Ray Potter case, which sets the standard for the plaintiff to show that the that the debtors no longer have a substantial asset that they want. They once had that's not in the statute, but that's statutory interpretation. Likely, again, my position is because the any has to be read in conjunction with meet the debtors liabilities. So any asset missing is not enough. It's any asset missing that can meet the debtors liabilities. So that's where the substantial asset test comes from. It comes from that case. But let's not forget, though, as far as abuse of discretion goes and whether the debtors satisfactorily explained the funds as a matter of fact, whether the bankruptcy court abuses discretion. And it did because again, the debtors prevailed on every other count under Section 7 27 and 5 23 for that matter. But somehow were found by the bankruptcy court to have skirted paying their debts based on a five. Um, and contrary to opposing what opposing counsel says, the bankruptcy court never found the debtors to be non credible. In fact, the debtor or the bankruptcy court found the debtors to have satisfactorily explained most of the missing assets. What the bankruptcy court disagreed with was whether or not the debtors could prove that the remaining funds were or could be accounted for. But it didn't make any credibility findings. In fact, as I think this court noted, the debtors were found to or the court dismissed all the other claims against the in which there was some bad faith or fraudulent intent required. So let's also not forget that over two days of trial, not to mention six years after they initially filed bankruptcy, six years after they received this money from Skyscan, they were still able to account for the majority of the funds. They were able to account for 3 to 8% of those funds. And I know I'm running out of time, but if I may just make one more point, that is that these debtors were unsophisticated debtors. They weren't even required to maintain the type of records that the bankruptcy court is suggesting they keep. Under the bankruptcy court's record keeping requirement as applied to this case, only the most sophisticated debtors will be able to get a discharge in a case like this. And so I'd ask that this court find that the debtors satisfactorily explained the assets either as a matter of law or as a matter of fact based on the record. Thank you very much. Thank you. Court is adjourned. Have a good day.